UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| R. J. a minor by her mother RITA R. TAYLOR, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) No. 1:11-cv-01001-SEB-DKL ) |
| CAROLYN W. COLVIN, | ) ) |
| Defendant. | ) ) |

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This is an action for judicial review of the final decision of Defendant Commissioner of Social Security ("Commissioner") denying Plaintiff R.J., a minor, child disability benefits under the Social Security Act. The Defendant Commissioner of Social Security denied her application in September 2008. R. J. sued for judicial review of the Commissioner's decision and, in July 2009, this Court reversed the denial and remanded her application to the Commissioner for reevaluation. R. J. v. Astrue, No. 1:08-cv-1416-DFH-TAB, Entry [doc. 26], 2009 WL 2413924 (S.D. Ind., July 24, 2009) ("Entry"). On remand, after a new hearing, the Commissioner again denied R. J.'s application. R.J. again sought judicial review and the undersigned referred this case to Magistrate Judge LaRue who issued a Report and Recommendation that the Commissioner's decision be upheld. This cause is now before the Court on Plaintiff's Objections to the Recommended Decision by the Magistrate Judge. For the reasons detailed

herein, we adopt the Magistrate Judge's Report and Recommendation and affirm the Commissioner's decision.

## I. Applicable Law and Standard of Review

A child under the age of eighteen is eligible for SSI benefits if she has a medically determinable mental or physical impairment that causes marked and severe functional limitations and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c(a)(3)(C)(i). A physical or mental impairment is one that results from anatomical, physiological, or psychological abnormalities that are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. Id. § 1382c(a)(3)(D). In determining whether impairments are disabling, the combined effect of all a child's impairments must be considered, without regard to whether any single impairment alone is of disabling severity. 42 U.S.C. § 1382c(a)(3)(G).

By regulation, the Social Security Administration ("SSA") has determined that satisfaction of one of the Listings of Impairments for minors, 20 C.F.R. Pt. 404, Subpt. P, Appendix 1, Part B, fulfills the statutory requirement that a child's impairment or combination of impairments "results in marked and severe functional limitations." The Listing of Impairments, Part B, is a compilation of medical conditions, divided into fourteen major body systems, that the SSA has pre-determined are disabling in children. 20 C.F.R. § 416.925. In general, each listed condition is defined by two sets of criteria: first, diagnostic findings that substantiate the existence of a listed condition and, second, sets of related functional limitations that substantiate the condition's disabling severity. Id. A child's impairment or group of impairments can satisfy a listed condition in three ways: by meeting all of the listed criteria for the condition, 20 C.F.R. §

416.925(c)(3); by medically equaling the criteria, id. § 416.925(c)(5); or by functionally equaling the criteria, id. § 416.926a(a).

A child's impairment meets a listed condition only when it satisfies all of the criteria of the Listing. 20 C.F.R. § 416.925(c)(3) and (d). A child's impairment medically equals a listed condition when it is at least equal in severity and duration to the criteria of a listed condition. Id. § 416.926(a). Medical equivalence will be found in one of three ways: (1) the child's impairment, though listed, is lacking one or more of the medical or severity criteria, but other findings related to the impairment are of at least equal medical significance to the listed criteria, id. § 416.926(b)(1); (2) the child's impairment is not a listed condition but the impairment's medical and severity findings are of at least equal medical significance to a closely analogous listed condition, id. § 416.926(b)(2); or (3) the child has a combination of impairments, no one of which equals a listed condition, but the combined impairments' medical and severity findings are of at least equal medical significance to a listed condition, id. § 416.926(b)(3).

A child's impairment or combination of impairments will functionally equal a listed condition when it is of listing-level severity, which the SSA has defined to mean that the child's impairments result in a "marked" limitation in two domains of functioning or an "extreme" limitation in one domain. 20 C.F.R. § 416.926a(a). The six domains of functioning are (1) acquiring and using information, (2) attending to and completing tasks, (3) interacting and relating with others, (4) moving about and manipulating objects, (5) caring for self, and (6) health and physical well-being, id. § 416.926a(b)(1). The SSA has defined constituent activities within each domain and their normal levels of performance at different age groups. Id. § 416.926a(g)-(l). In general, a "marked" limitation exists when a child's impairment or combination of impairments "interferes seriously with [her] ability to independently initiate,

sustain, or complete activities" within a particular domain. It is a limitation that is "more than moderate" but "less than extreme," and is the level of functioning that is expected with scores that are more than two, but less than three, standard deviations below the mean on standardized tests. Id. § 416.926a(e)(2). An "extreme" limitation is one that interferes "very seriously" with a child's ability to perform activities within a domain. It is "more than marked," and is the level of functioning that is expected with scores at least three standard deviations below the mean on standardized testing. Id. § 416.926a(e)(3).

The SSA has prescribed a three-step sequential process for evaluating child disability claims. 20 C.F.R. § 416.924. If disability eligibility can be determined at any step in the sequence, an application will not be reviewed further. Id. § 416.924(a). At the first step, if the child is engaged in substantial gainful activity, i.e., is earning money, then she is not disabled. Id. § 417.924(b). At the second step, if the child's impairments, or combination of impairments, are not severe, then she is not disabled. A severe impairment or combination of impairments is one that causes "more than minimal functional limitations." Id. § 416.924(c). At the third step, the child's impairments, either singly or in combination, must satisfy the criteria of at least one of the conditions included in Part B of the Listings of Impairments. Id. § 416.924(d). The applicant bears the burden of proof at each step of the process. If a child's impairments pass all three steps, and satisfies the duration requirement, then she is determined to be disabled.

We review the Commissioner's denial of benefits to determine whether it was supported by substantial evidence or is the result of an error of law. Rice v. Barnhart, 384 F.3d 363, 368-369 (7th Cir. 2004); Lopez ex rel. Lopez v. Barnhart, 336 F.3d 535, 539 (7th Cir. 2003). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Dixon v. Massanari, 270 F.3d 1171, 1176 (7th Cir. 2001). In

our review of the ALJ's decision, we will not "reweigh evidence, resolve conflicts, decide questions of credibility, or substitute [our] own judgment for that of the Commissioner." Lopez, 336 F.3d at 539. However, the ALJ's decision must be based upon consideration of "all the relevant evidence," without ignoring probative factors. Herron v. Shalala, 19 F.3d 329, 333 (7th Cir. 1994). In other words, the ALJ must "build an accurate and logical bridge" from the evidence in the record to his or her final conclusion. Dixon, 270 F.3d at 1176. We confine the scope of our review to the rationale offered by the ALJ. See SEC v. Chenery Corp., 318 U.S. 80, 93–95 (1943); Tumminaro v. Astrue, 671 F.3d 629, 632 (7th Cir. 2011).

When a party raises specific objections to elements of a Magistrate Judge's report and recommendation, the district court reviews those elements *de novo,* determining for itself whether the Commissioner's decision regarding those issues is supported by substantial evidence or was the result of an error of law. Fed. R. Civ. Pro. 72(b). The district court "makes the ultimate decision to adopt, reject, or modify" the report and recommendation, and it need not accept any portion as binding; the court may, however, defer to those conclusions of the report and recommendation to which timely objections have not been raised by a party. See Schur v. L.A. Weight Loss Ctrs., Inc., 577 F.3d 752, 759–761 (7th Cir. 2009).

**II.     The ALJ's Decision**

At Step One of the three-step sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful employment since her application date. At Step Two, he found that she had the severe impairments of depression and personality disorder (oppositional defiant disorder). He additionally found that Plaintiff's previous diagnoses of ADHD and borderline intellectual functioning were incorrect based on the testimony of medical expert Georgia Ann Pitcher and other evidence obtained at the hearing level. R. at 746.

At Step Three the ALJ found that Plaintiff does not have an impairment or combination of impairments that meet, medically equal, or functionally equal any of the listed impairments and, therefore, is not disabled. He expressly considered Listings 112.04 (Mood Disorders) and 112.8 (Personality Disorders) and determined that Plaintiff's impairments do not result in marked limitations in two of the appropriate age-group criteria. The ALJ also found that Plaintiff's impairments did not functionally equal either listing.

### III. Discussion

Plaintiff raises three objections to the Report and Recommendation. First, she alleges that the ALJ's determination that the claimant had less than a marked limitation in the domain of "Caring for Yourself" was not supported by substantial evidence. Second, she argues that Plaintiff's General Assessment of Functioning Scale ("GAF") scores of 47 and 50 prove her disability. Third, Plaintiff argues that the ALJ's credibility determination was erroneous because he never considered that requisite factors listed in Social Security Ruling 96-7. These objections are discussed below.

#### A. The ALJ's Finding That Plaintiff Was Not Markedly Impaired in the "Caring for Yourself" Functional Domain

As noted above, a child's impairment or combination of impairments will functionally equal a listed condition when it is of listing-level severity, which the SSA has defined to mean that the child's impairments result in a "marked" limitation in two domains of functioning or an "extreme" limitation in one domain. 20 C.F.R. § 416.926a(a). Plaintiff argues that the ALJ erred by finding that Plaintiff was not markedly impaired in the domain of "Caring for Yourself." Specifically, Plaintiff asserts that a statement by Dr. Pitcher that she did not "know how to use

that criteria" reveals that the ALJ's determination that Plaintiff was not markedly impaired in this domain was not supported by medical opinion.[1]

Plaintiff's objection lacks merit. Having reviewed the transcript, the Court finds that Dr. Pitcher clearly testified that Plaintiff had only an "almost marked" impairment in terms of caring for herself. R. at 823, 825. As noted by the Magistrate Judge, the statement cherry-picked by Plaintiff from the transcript only refers to Dr. Pitcher's belief that there is a potential overlap between the social and personal domain factors. It does not reveal that Plaintiff had "marked" limitations in caring for herself. This opinion along with evidence cited by the ALJ that Plaintiff is "well fed," "able to care for her own personal hygiene needs," that "her health is good," and that "she does not engage in risky behavior" establishes that the ALJ's decision that Plaintiff was not markedly limited in terms of caring for herself is supported by substantial evidence.

**B. Plaintiff's GAF Scores**

Plaintiff argues that two GAF scores of 47 and 50 prove that Plaintiff had marked impairment in the "B" criteria for Listings 112.04 and 112.08, proving her disability. However, Plaintiff provides no authority for her proposition that GAF scores alone prove her disability. Indeed, the Seventh Circuit Court of Appeals, as well as the ALJ and the Magistrate Judge in this case, have acknowledged that there is no regulation or case law that requires an ALJ to determine the extent of a claimant's limitations based entirely on GAF scores. R. at 752; Report and Recommendation at 13.

In this case, the ALJ acknowledged the GAF scores cited by Plaintiff along with the limitations of those scores. He did not, as Plaintiff alleges, approve of another of Plaintiff's GAF score of 70 while ignoring the lower scores. Rather, he made note of that inconsistent score to

---
[1] Plaintiff was found to be markedly limited in terms of "interacting and relating with others," another of the six functional equivalency domains.

illustrate the limitations of those scores as a basis for determining a claimant's disability. We find no error in this reasoning by the ALJ.

### C. The ALJ's Credibility Determination

Finally, Plaintiff argues that the ALJ did not expressly state his opinion regarding Plaintiff's credibility or consider any of the requisite seven factors pursuant to Social Security Ruling 96-7 and by 20 C.F.R. §§ 404.1529, 416.929. These factors include:

> (i) Your daily activities; (ii) The location, duration, frequency, and intensity of your pain or other symptoms; (iii) Precipitating and aggravating factors; (iv) The type, dosage, effectiveness, and side effects of any medication you take or have taken to alleviate your pain or other symptoms; (v) Treatment, other than medication, you receive or have received for relief of your pain or other symptoms; (vi) Any measures you use or have used to relieve your pain or other symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.); (vii) Other factors concerning your functional limitations and restrictions due to pain or other symptoms.

20 CFR 416.929(c)(3). However, as noted by the Magistrate Judge:

> The ALJ addressed R. J.'s activities (e.g., sports, babysitting, socializing with friends), her alleged symptoms, her treatments (e.g., mental-health therapy, missed appointments, sporadic treatments, GAF scores), precipitating and aggravating factors (e.g., her home environment and relationship with her mother), and non-treatment measures to relieve symptoms (e.g., staying after group therapy and going to Boys and Girls Club to avoid home and her mother).

Report and Recommendation at 16 (citing R. at 750-52). In light of these examples, we agree with the Magistrate Judge that the ALJ extensively discussed the requisite factors to make a credibility determination. Furthermore, as noted by the Magistrate Judge, even Plaintiff acknowledges that it is obvious that the ALJ found Plaintiff had her mother's statements not entirely credible. Remanding this case in order for the ALJ to include a "rote conclusory" sentence expressly stating the obvious would be a waste of time and resources. Plaintiff has failed to establish that the ALJ's credibility determination was "patently wrong" and, thus, we shall not remand this case on that basis.

**Conclusion**

As discussed above, we find that none of Plaintiff's objections to the Magistrate Judge's Report and Recommendation have merit. Thus, these objections are OVERRULED and we ADOPT the recommendations set forth in the Magistrate Judge's Report and Recommendation. Final judgment shall enter in favor of Defendant and against Plaintiff.

IT IS SO ORDERED.

Date: 03/28/2014

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Patrick Harold Mulvany
patrick@mulvanylaw.com

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov